| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF AIKEN | ) | FOR THE SECOND JUDICIAL CIRCUIT |

|  |  |  |
|---|---|---|
| Charles Cox, | ) | Case No. 2014-CP-02-1808 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SECOND AMENDED COMPLAINT** |
| -vs- | ) | JURY TRIAL DEMANDED |
| | ) | (Malicious Prosecution; Abuse of Process; |
| Centerra Group, LLC, f/k/a G4S | ) | False Arrest; False Imprisonment; |
| Government Solutions, Inc., f/k/a | ) | Intentional Infliction of Emotional Distress; |
| Wackenhut Services, Inc., and Jason | ) | Respondeat Superior; Supervisory Liability; |
| Quattlebaum, | ) | Civil Conspiracy; and Conspiracy to Violate |
| | ) | Civil Rights) |
| Defendants. | ) | |

Plaintiff, Charles Cox (hereinafter "Sgt. Cox" or "Plaintiff"), by and through his attorneys, complains of Centerra Group, LLC, f/k/a Defendants G4S Government Solutions, Inc. f/k/a Wackenhut Services, Inc. (hereinafter "G4S"), Jason Quattlebaum ("Quattlebaum"), (individually and collectively the "Defendants") as follows:

## NATURE OF THE CASE

1.     Plaintiff seeks damages arising out of the malicious prosecution, abuse of process, false arrest, false imprisonment, and intentional infliction of emotional distress perpetrated against him by Defendants Quattlebaum for which damages Defendant Centerra Group, LLC is also liable under the doctrine of respondeat superior as the employer and principle of Quattlebaum.   Sgt. Cox also seeks punitive damages arising out of the reckless and malicious conduct of Defendants Quattlebaum.

DLSCN 10/23/15

## JURISDICTION AND VENUE

2.    Jurisdiction is proper inasmuch as the events giving rise to the cause of action took place in whole or in part in Aiken County, South Carolina.

3.    Venue is proper in Aiken County under S.C. Code Ann. § 15-7-30 inasmuch as the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Aiken County or, on information and belief, one or more of the Defendants resides in Aiken County.

## PARTIES

4.    Plaintiff realleges the allegations of the preceding paragraphs of this Complaint as if they were set forth verbatim.

5.    At all times relevant to the facts herein, Plaintiff is a resident and citizen of South Carolina. Plaintiff is a Sergeant First Class in the United States Army.  Plaintiff has no convictions and, with the exception of the unlawful harassment charge that is the subject of this lawsuit, has a spotless criminal record.

6.    Defendant, Centerra Group, LLC f/k/a G4S Government Solutions, Inc., f/k/a Wackenhut Services, Inc. is a Florida corporation doing business in the State of South Carolina (hereinafter referred to as "Centerra" to refer to said corporation in all of its three incarnations).

7.    Defendant Quattlebaum is a male adult citizen who resides, upon information and belief, in the State of South Carolina.

**8.**    At all times herein, Defendant Quattlebaum was a full time employee of Centerra and all acts he did were in his capacity as an employee and agent and servant of the Defendant Centerra. Centerra is liable for the acts of its employees, in this instance the Defendant Quattlebaum.

DLSCN 10/23/15

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiff realleges the allegations of the preceding paragraphs of this complaint as if they were set forth verbatim.

10.    CENTERRA holds itself out as a nationally recognized expert, professional in the field of security and related services. At all times material to this complaint, Centerra was under contract with the U.S. Department of Energy ("DOE") to provide security for the DOE's Savanna River Site ("the Site"), a nuclear reservation located partly in Aiken County, South Carolina.

11.    At all times material to this complaint Quattlebaum was employed by Centerra as a special investigator at the Site, and was also duly licensed as a special constable by the State of South Carolina pursuant to S.C. Code Ann. § 23-7-10. Quattlebaum is an agent of Centerra, who was, at all times material to this complaint, acting within the scope of his employment and under the color of state law.

12.    On January 14, 2013, Lana Cox, Plaintiff's former spouse, complained to Centerra about emails Sgt. Cox had sent to her work email at the Site. Quattlebaum received Ms. Cox's complaint, and met with her and investigated the complaint on the morning of January 15, 2013.

13.    Later the same day Quattlebaum appeared before a Magistrate in Aiken County and, without probable cause, swore out an affidavit to secure a warrant against Mr. Cox ("the warrant") for a General Sessions violation of Harassment in the 2nd degree, S.C. Ann. § 16-03-1700 (B) ("the harassment charge"). Attached hereto as Exhibit "A".

14.    The warrant was issued on January 15, 2013, although it was not signed until February 25, 2013.

3

DLSCN 10/23/15

15.     The harassment charge that Quattlebaum obtained against Sgt. Cox requires that the person charged must (1) have a prior conviction of harassment or stalking within the preceding ten years; or (2) at the time of the harassment an injunction or restraining order was in effect prohibiting the harassment.  None of these two (2) predicates to the charge factually existed at the time Quattlebaum signed the warrant.

16.     After obtaining the warrant, Quattlebaum telephoned Sgt. Cox and informed him he had the warrant for Sgt. Cox's arrest for the harassment charge.

17.     Sgt. Cox was overseas on active military duty in the Middle East.

18.     This news shocked Sgt. Cox because the subject email communications were directly related to the parties' children and were permissible.

19.     However, when Sgt. Cox so informed Quattlebaum, Quattlebaum responded that he did not care and that he (Quattlebaum) would process the warrant when Sgt. Cox returned from his overseas assignment in the Middle East where he was stationed.

20.     Shortly after issuance of the warrant, Sgt. Cox's military command learned of the harassment charge pending against him.

21.     Sgt. Cox was immediately labeled a potential danger to himself or others by his commanders, required to relinquish his weapon and attend an anger management class, and required to see a clinical psychologist prior to resuming his duties.

22.     Following his tour of duty overseas, Sgt. Cox turned himself in at the Aiken County detention center on February 7, 2014 to avoid even greater humiliation by being arrested in front of his children or co-workers

23.     The actual warrant was served on Sgt. Cox by Centerra  employee and agent Sharon Cromier, who was Wackenhut's successor, and by an Aiken County Sheriff Deputy.

4

24.     Upon service of the warrant Sgt. Cox was immediately arrested, handcuffed and then locked in a jail cell in Aiken County, South Carolina.  He was able to post bail a $3,000 bond the same day and was released.

25.     At the preliminary hearing on March 23, 2014, after sworn testimony, the Honorable Magistrate Judge Melanie Dubose dismissed the harassment charge against Sgt. Cox prior to trial or indictment due to lack of probable cause.  Quattlebaum testified at the hearing and admitted that prior to securing the warrant he did not know of (1) any prior conviction of Sgt. Cox for harassment or stalking within the preceding ten years; or (2) any injunction or restraining order that was in effect upon issuance of the warrant prohibiting Sgt. Cox's alleged conduct.

26.     There was absolutely no law or facts to support the warrant signed by the Defendant Quattlebaum as agent of Centerra.

27.     On information and belief, Quattlebaum agreed to secure the harassment charge against Sgt. Cox to curry favor with Ms. Cox, who sought the charge out of spite and vengeance toward her former husband.

28.     The issuance and service of the warrant on Sgt. Cox and his resulting arrest, imprisonment and pending charges were extremely traumatic for Sgt. Cox and caused him to suffer severe emotional distress and a damaged reputation, among other injuries and damages.

### FOR A FIRST CAUSE OF ACTION
(Malicious Prosecution – Quattlebaum)

29.     Plaintiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

30.     The harassment charge against Sgt. Cox was malicious, and was brought at the instance of Quattlebaum, a sworn law enforcement officer, without probable cause to believe

DLSCN 10/23/15

that such harassment had been committed by Sgt. Cox. Said actions were done in the normal course of business by Centerra through its agent Quattlebaum.

31.     The pursuit and securing of the harassment charge constituted malicious prosecution on the part of Quattlebaum and Ms. Cox against Sgt. Cox, and their conduct, being wilful, wanton and malicious, also warrants punitive damages.

32.     As a direct result of the malicious prosecution, Sgt. Cox was obliged to defend himself, and to expend time and money in his defense, all in an amount to be proven at trial.

33.     Sgt. Cox also lost time from the ordinary pursuits of his life and home, and the quality of his life was diminished by it, all to his great damage, as will be shown at trial.

34.     As a direct and proximate result of the malicious prosecution, Sgt. Cox sustained extreme mental anguish and suffering, physical injuries and symptoms, psychiatric injuries and problems, fear, nightmares, flashbacks, embarrassment, shame, humiliation, attorneys fees, loss of earning capacity, loss of employment and professional awards and opportunities, an inability to perform and enjoy his normal and usual activities, and changes in his relationship with family members, friends, his employer and co-workers, as will be shown at trial.

## FOR A SECOND CAUSE OF ACTION
(Abuse of Process – Centerra and Quattlebaum)

35.     Plantiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

36.     The warrant for the harassment charge against Sgt. Cox was issued at the instance of Defendant, through Centerra its agent and servant acting in the normal course of business, the Defendant Quattlebaum without probable cause by either of them to believe that such harassment had been committed by Sgt. Cox.

6

DLSCN 10/23/15

37.    The pursuit of the warrant for the harassment charge against Sgt. Cox by Centerra and Quattlebaum was done wilfully and for ulterior motives.    Centerra and Quattlebaum sought the harassment charge out of spite and vengeance, and to attempt to harass Sgt. Cox; on information and belief, Quattlebaum's motive in obtaining the warrant for harassment charge was to curry favor with Lana Cox, former wife of Plaintiff Sgt. Cox.

38.    The pursuit and securing of the warrant for the harassment charge constituted abuse of process on the part of Centerra Quattlebaum against Sgt. Cox, and their conduct, being wilful, wanton and malicious, also warrants punitive damages.

39.    As a direct result of the abuse of process, Sgt. Cox was obliged to defend himself, and to expend time and money in his defense, all in an amount to be proven at trial. Sgt. Cox also lost time from the ordinary pursuits of his life and home, and the quality of his life was diminished by it, all to his great damage, as will be shown at trial.

40.    As a direct and proximate result of the abuse of process, Sgt. Cox sustained extreme mental anguish and suffering, physical injuries and symptoms, psychiatric injuries and problems, fear, nightmares, flashbacks, embarrassment, shame, humiliation, attorneys fees, loss of earning capacity, loss of employment and professional awards and opportunities, an inability to perform and enjoy his normal and usual activities, and changes in his relationship with family members, friends, his employer and co-workers, as will be shown at trial.

## FOR A THIRD CAUSE OF ACTION
(False Arrest - Quattlebaum)

41.    Plantiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

DLSCN 10/23/15

42.    By their foregoing actions Quattlebaum and Ms. Cox caused and instigated Sgt. Cox's arrest on the warrant, which was defective and not supported by probable cause.

43.    The arrest of Sgt. Cox constituted false arrest for which Quattlebaum and Ms. Cox are liable.

44.    As a direct and proximate result of the false arrest, Sgt. Cox sustained extreme mental anguish and suffering, physical injuries and symptoms, psychiatric injuries and problems, fear, nightmares, flashbacks, embarrassment, shame, humiliation, attorneys fees, loss of earning capacity, loss of employment and professional awards and opportunities, an inability to perform and enjoy his normal and usual activities, and changes in his relationship with family members, friends, his employer and co-workers, as will be shown at trial.

### FOR A FOURTH CAUSE OF ACTION
(False Imprisonment – Centerra and Quattlebaum)

45.    Plantiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

46.    By the foregoing actions Centerra and Quattlebaum caused and instigated Sgt. Cox's imprisonment at the detention center on the warrant, which was defective and not supported by probable cause.

47.    The imprisonment of Sgt. Cox at the detention center constituted false imprisonment for which Centerra and Quattlebaum are liable.

48.    As a direct and proximate result of the false imprisonment, Sgt. Cox sustained extreme mental anguish and suffering, physical injuries and symptoms, psychiatric injuries and problems, fear, nightmares, flashbacks, embarrassment, shame, humiliation, attorneys fees, loss of earning capacity, loss of employment and professional awards and opportunities, an inability

8

DLSCN 10/23/15

to perform and enjoy his normal and usual activities, and changes in his relationship with family members, friends, his employer and co-workers, as will be shown at trial.

### FOR A FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – Centerra and Quattlebaum)

49.    Plaintiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

50.    The foregoing acts of Centerra and Quattlebaum in maliciously procuring the harassment charge against Sgt. Cox were so extreme and outrageous as to exceed all possible bounds of decency.

51.    As a result of the foregoing acts of Centerra and Quattlebaum, Sgt. Cox suffered severe humiliation, extreme mental anguish and emotional distress, as well as loss of reputation and stature.

### FOR A SIXTH CAUSE OF ACTION
(Respondeat Superior – Centerra)

52.    Plaintiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

53.    The foregoing acts and state law violations of Quattlebaum as set forth above, were performed in the scope of his employment as a special investigator for Centerra, were willful and wanton, and therefore Centerra as principal is liable for the actions of its agent under the doctrine of respondeat superior for the violations of state law.

### FOR A SEVENTH CAUSE OF ACTION
(Violation of Fourth Amendment Rights under 42 U.S.C.A. § 1983 – Centerra and Quattlebaum)

54.    Plaintiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

9

DLSCN 10/23/15

55.    The Fourth Amendment to the United States Constitution protects individuals from unwarranted searches and seizures.

56.    Plaintiff's Fourth Amendment freedom from unwarranted searches and seizures was violated when Defendant Quattlebaum, as an agent of Centerra, and under the color of state law, actively sought and obtained an arrest warrant for Plaintiff without probable cause.

57.    As a result of Defendant Quattlebaum's unlawful and malicious actions, Plaintiff was without probable cause, arrested, fingerprinted, booked, and detained, resulting in the unlawful deprivation of his Constitutionally protected right to be free from unwarranted searches and seizures.

58.    As a result of Defendant Centerra 's willful and reckless indifference to the rights of Plaintiff, Plaintiff was, without probable cause, arrested, fingerprinted, booked, and detained, resulting in the unlawful deprivation of his Constitutionally protected right to be free from unwarranted searches and seizures.

## FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C.A. § 1983 – Centerra)

59.    Plantiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

60.    At all times during the events which give rise to this Complaint, Defendant Centerra knew, or should have known, that its agent Defendant Quattlebaum attempted to, and succeeded in, acquiring a baseless and unlawful warrant for the arrest of Sgt. Cox.

61.    As a result of the acquisition of the baseless and unlawful warrant, which was undertaken pursuant to an official policy and/or custom of Centerra, Sgt. Cox was deprived of

DLSCN 10/23/15

his Fourth Amendment Protection to be free from unlawful arrest when he was arrested on February 7, 2014, as a result of the unlawful warrant.

## FOR A NINETH CAUSE OF ACTION
### (Conspiracy to Interfere with Civil Rights – Centerra and Quattlebaum)

62.    Plaintiff realleges all allegations in the preceding paragraphs of this Complaint as if they were set forth verbatim herein.

63.    At all times during the events which give rise to this Complaint, Defendant Quattlebaum acted within the scope of his employment as an agent of Defendant Centerra in the acquisition of a baseless and unlawful warrant for the arrest of Sgt. Cox.

64.    Defendant Centerra knew, or should have known that it's agent Defendant Quattlebaum attempted to, and eventually acquired a legally defective, and otherwise baseless warrant.

65.    As the natural and probable result of Defendant Centerra 's failure to adequately supervise Defendant Quattlebaum, Sgt. Cox suffered

## FOR A TENTH CAUSE OF ACTION
### (Civil Conspiracy – Quattlebaum)

66.    Plaintiff realleges the allegations of the preceding paragraphs of this complaint as if they were set forth verbatim.

67.    During Defendant Quattlebaum's meeting with Lana Cox, the two conjured a scheme by which Defendant Quattlebaum would cause injury to Sgt. Cox's reputation as well as deprive him of his civil liberties.

68.    The purpose for which Quattlebaum and Lana Cox conspired was to harass and have arrested Sgt. Cox.

11

DLSCN 10/23/15

69.    The conspiracy between Quattlebaum and Lana Cox was the direct and proximate cause of Sgt. Cox's injury to reputation and professional status.


**WHEREFORE,** Plaintiff Charles Cox demands judgment against Defendants in an amount to be determined at trial, plus interest, costs, attorney's fees and punitive damages as allowed by law in an amount to be determined at trial and such other and further relief as the nature of the case may require and this Honorable Court shall deem just and proper.

WALKER MORGAN, LLC

BY: _____
William P. Walker, Jr.
bw@walkermorgan.com
135 East Main Street
Lexington, SC  29072
(803) 359-6194

SMITH BUNDY BYBEE & BARNETT
Stanley E. Barnett
stanleyb@s3blaw.com
1037 Chuck Dawley Blvd.
Mt. Pleasant, SC  29465
(843) 881-1623

Attorneys for the Plaintiff

Lexington, South Carolina

September 29, 2015.

DLSCN 10/23/15