# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Charles Cox, | ) |
|     Plaintiff, | ) Civil Action No.: 1:15-cv-04608-JMC |
| v. | ) **ORDER AND OPINION** |
| Centerra Group, LLC, and Jason Quattlebaum, | ) |
|     Defendants. | ) |

This matter is before the court for review of Plaintiff Charles Cox's ("Plaintiff") Motion to Alter or Amend Order Granting Summary Judgment to Defendants. (ECF No. 78.) On August 16, 2018, the court granted summary judgment ("August Order and Opinion") for Defendants Centerra Group, LLC and Jason Quattlebaum (collectively "Defendants"). (ECF No. 76.) Plaintiff requests the court to alter and amend its August Order and Opinion under Rule 59 of the Federal Rules of Civil Procedure and deny summary judgment to Defendants. (ECF No. 78 at 1; ECF No. 78-1 at 9.) For the reasons stated herein, the court **DENIES** Plaintiff's Motion without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court's August Order and Opinion sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 76 at 1-6.) As brief background, Plaintiff filed suit against Defendants on September 29, 2015, and Defendants removed the action to this court on November 13, 2015. (ECF No. 1-1.) On September 8, 2017, Defendants filed their Motion for Summary Judgment. (ECF No. 47.) On September 25, 2017, Plaintiff filed his Reply in Opposition to Defendants' Motion for Summary Judgment. (ECF No. 48.) After Defendants responded to Plaintiff's Reply (ECF No. 52), the Magistrate Judge issued a

1

Report and Recommendation ("Report") on December 1, 2017. (ECF No. 54.) The Report advised the court to grant Defendants' Motion for Summary Judgment. (*Id.*) Plaintiff filed an Objection to the Report on December 28, 2017. (ECF No. 57.) On March 24, 2018, Defendants filed their Reply to Plaintiff's Objection. (ECF No. 68.) On August 16, 2018, the court issued its Order and Opinion, which accepted the Report and granted Defendants' Motion for Summary Judgment. (ECF No. 76.)

On September 12, 2018, Plaintiff filed his Motion to Alter or Amend. (ECF No. 78.) Plaintiff first argues that "[t]he incredible act of Defendants in causing Plaintiff to be arrested for doing what the Supreme Court has repeatedly embraced as an American value, a fundamental part of Western Civilization and a constitutionally protected liberty interest[,] was not in any sense reasonable." (ECF No. 78-1 at 4.) Second, Plaintiff forcefully maintains that the elements of the magistrate level offense of harassment in the second degree were not met. (*Id.* at 6-7.) Lastly, Plaintiff submits that Defendants were not entitled to qualified immunity as it relates to the general sessions level offense of harassment. (*Id.* at 7-9; ECF No. 76 at 15-18.) Based on the aforementioned arguments, Plaintiff urges the court to grant his Motion. (ECF No. 78-1 at 9.)

On October 3, 2018, Defendants responded in opposition to Plaintiff's Motion to Alter or Amend. (ECF No. 81.) Defendants argue that "Plaintiff . . . failed to meet the burden . . . to obtain relief under . . . Rule [59]." (*Id.* at 2.) Defendants submit that "Plaintiff's [Motion] is conspicuously devoid of any reference or argument regarding an intervening change in controlling authority, new evidence, or a clear error of law." (*Id.*) Defendants also argue that Plaintiff is using his Motion to "relitigate his previously litigated theory of the case." (*Id.* at 3.) Moreover, Defendants maintain that Plaintiff's fundamental interest in the "care, custody, and management of his children" is

"neither absolute nor unqualified." (*Id.* at 3-4.) Based on the foregoing arguments, Defendants request that the court deny Plaintiff's Motion. (*Id.* at 4.)

On October 10, 2018, Plaintiff replied to Defendants' response. (ECF No. 82.) Plaintiff continues to argue that his Motion is proper because it asserts that probable cause was absent when he was charged with harassment and all of the elements of that offense were not met. (*Id.* at 2.) Additionally, Plaintiff submits that his Motion should be granted because the court has committed a clear error of law and manifest injustice would result if his Motion were denied. (*Id.* at 3.) For a second time, Plaintiff requests that the court deny Defendants' Motion for Summary Judgment and allow him to have his day in court. (*Id.* at 4.)

## II. STANDARD OF REVIEW

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). However, Rule 59(e) motions cannot be used as opportunities to re-litigate issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC*, No. 1:06cv956(JCC), 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." (quoting *Rouse v.*

*Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994))). Ultimately, the decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

### III. DISCUSSION

Plaintiff's Motion does not suggest the presence of an intervening change in the controlling law or newly obtained evidence. (ECF No. 78-1 at 3-9.) In regard to the magistrate level offense, Plaintiff's Motion challenges the court's August Opinion and Order by arguing that Defendants were not entitled to qualified immunity because they did not possess a reasonable belief that "all the elements of criminal harassment" were satisfied. (*Id.* at 7.) Concerning the general sessions level offense, Plaintiff asserts that the "actions [of Defendants] were not only unreasonable, they were outrageous . . . ." (*Id.* at 8.) Plaintiff seems to ground his Motion in his "constitutionally protected right to communicate with his ex-wife about their children . . . ." (*Id.* at 6.) By Plaintiff's own admission, his instant Motion is limited to correcting a clear error of law and preventing manifest injustice. (*See* ECF No. 82 at 1 ("First, [Defendants] say that the Rule 59[e] [M]otion should be denied because it does not meet the standard for such motions, specifically that it does not assert a clear error of law or seek to prevent a manifest injustice. As detailed below, Plaintiff's [M]otion asserted both.").)

As an initial matter, the court need not consider Plaintiff's argument in regard to his "constitutionally protected right to communicate with his ex-wife about their children . . . ." (ECF No. 78-1 at 6.) Generally, a motion under Rule 59(e) "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th

4

Cir. 2002). Plaintiff had numerous opportunities to make this constitutional argument and bring it to the court's attention, including in his Objection to the Magistrate Judge's Report and Recommendation (ECF No. 57) and Response in Opposition to Motion for Summary Judgment (ECF No. 48). Plaintiff failed to introduce the aforementioned legal theory at earlier opportunities in this litigation (*see* ECF Nos. 48, 57), and the court will not entertain it when Plaintiff "could have . . . made [it] before the judgment was entered." *Hill*, 277 F.3d at 708.

As mentioned above, Plaintiff also presents arguments in regard to whether Defendants are entitled to qualified immunity. (ECF No. 78-1 at 6-9.) Plaintiff relentlessly maintains that Defendants acted unreasonably because their actions were not justified on the basis of "all the elements of criminal harassment." (*Id.* at 7-8.) As an initial matter, Plaintiff's Motion seeks to re-litigate issues already considered by the court. (*Compare* ECF No. 78-1, *with* ECF No. 57, *and* ECF No. 48.) In other words, the court reviewed the instant arguments in Plaintiff's Objection and Response in Opposition to Motion for Summary Judgment. (*See* ECF Nos. 48, 57.) Put simply, Plaintiff's Motion seeks to "'rehash' the same arguments and facts previously presented[,]" and the court declines to devote judicial resources to Plaintiff's identical assertions. *Rouse*, 851 F. Supp. at 734 (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)). As such, Plaintiff's disagreement with the court's August Order and Opinion is insufficient to support his Motion. *See Hutchinson*, 994 F.2d at 1082.

Lastly, the court briefly addresses Plaintiff's reliance on *Wilson v. Kittoe*, 337 F.3d 392 (4th Cir. 2003).[1] (ECF No. 78-1 at 7, 9; ECF No. 82 at 2.) Plaintiff cites to *Wilson* for the following

---

[1] Interestingly, Plaintiff seems to completely disregard and ignore the court's reliance upon *Devenpeck v. Alford*, 543 U.S. 146 (2004). (*Compare* ECF No. 76 at 10-14, *with* ECF No. 78-1 at 6-9.) In his Motion, Plaintiff does not suggest that *Devenpeck* is inapplicable, nor does Plaintiff attempt to distinguish *Devenpeck*. (*See* ECF No. 78-1 at 6-9.) Instead, Plaintiff cites to precedent

5

proposition: "If a reasonable police officer would not have had a reasonable belief that the citizen's actions met all of the elements of the offense, his charge and arrest of that citizen is not a reasonable action." (ECF No. 78-1 at 7.) At best, Plaintiff misconstrues *Wilson* in order to convolute the probable cause inquiry. (*Id.* at 6-9.) In *Wilson*, the United States Court of Appeals for the Fourth Circuit engaged in a qualified immunity analysis by asking the following two questions: (1) whether a party violated a constitutional right; and (2) whether that right was clearly established from the perspective of a reasonable person. 337 F.3d at 397. In regard to the first inquiry, which required a probable cause analysis, *Wilson* did not solely hold that probable cause rested upon whether all of the elements of a criminal offense were satisfied. *See* 337 F.3d at 398. Instead, *Wilson* reaffirmed that probable cause only exists "when the 'facts and circumstances *within* the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, *in the circumstances shown*, that the suspect *has committed*, *is committing*, or *is about to commit an offense*.'" *Id.* (emphasis added) (quoting *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992)). Interpreting a Virginia statute, the *Wilson* court held that an officer lacked probable cause because "mere speech" did not prevent an officer from carrying out an arrest, and the refusal to obey an officer's orders did not constitute obstruction. *Id.* at 399-402. Plaintiff attempts to construe *Wilson* as mandating a blanket rule for a probable cause analysis (ECF Nos. 78-1, 82), but *Wilson* does nothing of the sort. *Id.* The *Wilson* court thoroughly considered all of the facts and circumstances from the officer's perspective. *Id.* Plaintiff cannot use *Wilson* as his salvation when he selectively recounts favorable facts and fails to adhere to the actual analysis set forth in *Wilson*.

---

decided before *Devenpeck* (ECF No. 78-1 at 6-9). *Compare Devenpeck*, 543 U.S. 146 (2004), *with Wilson v. Kittoe*, 337 F.3d 392 (4th Cir. 2003).

(*Compare* ECF No. 78-1, *with Wilson*, 337 F.3d at 399-402.) Therefore, Plaintiff's reliance on *Wilson* is not only misplaced, it is a disingenuous interpretation of Fourth Circuit precedent.

## IV. CONCLUSION

After a thorough review of its August Order and Opinion (ECF No. 76), Plaintiff's Motion to Alter or Amend (ECF No. 78), and Defendants' Response in Opposition to Plaintiff's Motion to Alter or Amend (ECF No. 81), the court **DENIES** Plaintiff's Motion to Alter or Amend Order Granting Summary Judgment to Defendants (ECF No. 78) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 15, 2018
Columbia, South Carolina